ATTORNEY'S NAME: Baer, Jason M 31609
AND ADDRESS: 3000 Kingman Street Suite 200, Metairie, LA 70006

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2019-12253      DIVISION: I      SECTION: 14

PEARL, CAMERON

Versus

KEQI, REN

## CITATION - LONG ARM

TO:   JOSE GUERRERO
THROUGH: THE LOUISIANA LONG ARM STATUTE
3404 FOREST HILL COURT, FOREST HILL, TX 76119

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA November 26, 2019

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Celeste Hunter, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

**PERSONAL SERVICE**

On this _____ day of _____ served a copy of the within
Petition for Damages
ON JOSE GUERRERO
THROUGH: THE LOUISIANA LONG ARM STATUTE
Returned the same day
No. _____
Deputy Sheriff of _____
Mileage: $ _____
_____ / ENTERED / _____
PAPER          RETURN
_____ / _____ / _____
SERIAL NO.   DEPUTY   PARISH

**DOMICILIARY SERVICE**

On this _____ day of _____ served a copy of the within
Petition for Damages
ON JOSE GUERRERO
THROUGH: THE LOUISIANA LONG ARM STATUTE
by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said JOSE GUERRERO being absent from the domicile at time of said service.
Returned the same day
No. _____
Deputy Sheriff of _____

ID: 10354274      Page 1 of 1

Case 2:20-cv-00160-WBV-MBN   Document 1-6   Filed 01/15/20   Page 2 of 16

2019-12253

**I**

Section 14

FILED
2019 NOV 22  P 04:18
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.:  DIVISION: " "

CAMERON PEARL

VERSUS

REN KEQI, WILLIAM DOWIE, SAFETY INSURANCE COMPANY, ABC INSURANCE COMPANY, JOSE GUERRERO, ROADRUNNER CHARTERS, INC., PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, AND INDIAN HARBOR INSURANCE COMPANY

FILED: _____    _____
                                    DEPUTY CLERK

******************************************************************************
**PETITION FOR DAMAGES**
******************************************************************************

NOW INTO COURT, through undersigned counsel, comes Plaintiff, CAMERON PEARL, who respectfully submits the following Petition for Damages:

## I.  INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about May 4, 2019, in the Parish of Orleans, State of Louisiana.

## II.  THE PARTIES

2.

Made Plaintiff herein is:

CAMERON PEARL ("Mr. Pearl"), a person of the full age of the majority and resident of and domiciled in the Parish of Jefferson, State of Louisiana.

3.

Made Defendants herein are:

REN KEQI ("Defendant KEQI"), upon information and belief, a person of the full age of the majority and resident of and domiciled in the State of Massachusetts;

WILLIAM DOWIE ("Defendant DOWIE"), upon information and belief, a person of the full age of the majority and resident of and domiciled in the State of Massachusetts;

1

Case 2:20-cv-00160-WBV-MBN   Document 1-6   Filed 01/15/20   Page 3 of 16

2019-12230

I

Section 14

FILED
2019 NOV 22  P 04:18
CIVIL
DISTRICT COURT

SAFETY INSURANCE COMPANY, (hereinafter, "SAFETY"), a foreign insurance company who, upon information and belief, was at all times relevant hereto the insurer of the vehicle driven by Defendant KEQI and owned by Defendant DOWIE at the time of the May 4, 2019 motor vehicle collision;

ABC INSURANCE COMPANY, (hereinafter, "ABC"), a foreign or domestic insurance company authorized to do and doing business in the State of Louisiana, which at all times material hereto issued a policy of liability insurance to Defendant KEQI for incidents of the type made the basis of this litigation;

JOSE GUERRERO ("Defendant GUERRERO"), upon information and belief, a person of the full age of the majority and resident of and domiciled in the State of Texas;

ROADRUNNER CHARTERS, INC., (hereinafter "ROADRUNNER"), a foreign corporation, who, upon information and belief, was at all times relevant herein the entity that employed Defendant GUERRERO while he was driving in the course and scope of his employment at the time of the May 4, 2019 motor vehicle collision;

PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, (hereinafter, "PMA"), a foreign insurance company who is authorized to do and doing business in the State of Louisiana, and who, upon information and belief, was at all times relevant hereto the insurer of the vehicle owned by ROADRUNNER and driven by Defendant GUERRERO; and

INDIAN HARBOR INSURANCE COMPANY, (hereinafter "INDIAN"), a foreign insurance company who is authorized to do and doing business in the State of Louisiana, and who, upon information and belief, at all times relevant herein provided a policy of uninsured/underinsured motorist insurance to Mr. Pearl in connection with the May 4, 2019 motor vehicle collision at issue.

### III. VENUE

4.

Venue in this Court is proper according to Louisiana Code of Civil Procedure, Article 74, *et seq.* because the wrongful conduct occurred in Orleans Parish.

E-Filed

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 4 of 16

2019-12253

I

Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

### IV. JURISDICTION

5.

This Court has personal jurisdiction over Defendant KEQI because she caused injury and damage through and act or omission committed within the Parish of Orleans, State of Louisiana.

6.

This Court has personal jurisdiction over Defendant DOWIE because his vehicle caused injury and damage through and act or omission committed within the Parish of Orleans, State of Louisiana.

7.

This Court has personal jurisdiction over SAFETY pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer authorized to do business in and regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

8.

This Court has personal jurisdiction over ABC pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer authorized to do business in and regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

9.

This Court has personal jurisdiction over Defendant GUERRERO because he caused injury and damage through and act or omission committed within the Parish of Orleans, State of Louisiana.

10.

This Court has personal jurisdiction over ROADRUNNER pursuant to La. R.S. § 13:3201 because it (1) is a foreign entity doing business in and regularly transacting business in Louisiana, (2) regularly contracts to supply services in Louisiana, and (3) has minimum contacts in Louisiana

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 5 of 16

2019-12253

**I**

Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

11.

This Court has personal jurisdiction over PMA pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer authorized to do business in and regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

12.

This Court has personal jurisdiction over INDIAN pursuant to La. R.S. § 13:3201 because it (1) is a foreign insurer authorized to do business in and regularly transacting business in Louisiana, (2) regularly contracts to supply insurance in Louisiana, and (3) has minimum contacts in Louisiana such that maintenance of this suit will not offend traditional notions of fair play and substantial justice (including purposefully directing its business to those within this state).

13.

This Court has original subject matter jurisdiction over this cause of action.

## V. FACTS OF CRASH

14.

On or about May 4, 2019, Plaintiff, Cameron Pearl, was operating a 2017 Hyundai Sonata stopped in the northbound center lane of Poydras Street.

15.

Plaintiff was stopped due to a Police Officer regulating traffic on Poydras Street just past the intersection of Poydras and St. Charles Street.

16.

At the same date and time, Defendant GUERRERO, was the operator of a 2015 Ford Econoline (VIN: 1FDFE4FS6FDA23047) owned by ROADRUNNER, negligently stopped in the center lane of Poydras Street directly behind, and too close to, Plaintiff's vehicle.

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 6 of 16

2019-12253

**I**

**Section 14**

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

17.

At the same date and time, Defendant KEQI, was the operator of a 2013 Toyota Avalon (VIN: 4T1BD1EB8DU017975) owned by Defendant DOWIE, traveling north bound in the center lane of Poydras Street behind Defendant GUERRERO and negligently failed to notice traffic had come to a stop, causing her vehicle to strike the rear of Defendant GUERRERO's vehicle.

18.

As a result of Defendant KEQI striking the rear of Defendant GUERRERO's vehicle, Defendant GUERRERO's vehicle was pushed forward and struck the rear of Plaintiff's vehicle due to Defendant GUERRERO negligently stopping too closely to the rear of Plaintiff's vehicle.

19.

As a result of Defendant KEQI's and Defendant GUERRERO's negligence, Plaintiff, Mr. Pearl was violently jolted inside the vehicle causing him injury.

20.

At the time of the subject collision, Mr. Pearl was operating as a driver for Lyft and had the Lyft application engaged.

21.

Defendant KEQI was cited by the New Orleans Police Department for failure to yield.

VI. FAULT OF REN KEQI

22.

The above described May 4, 2019, motor vehicle collision and the resulting injuries to Plaintiff were caused through the negligence of Defendant, REN KEQI, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Failing to use reasonable vigilance;

b) Failing to yield;

c) Disregarding traffic conditions;

d) Gross negligence;

e) Failing to maintain proper control of a vehicle;

f) Failing to maintain a proper lookout and/or being distracted or inattentive;

g) Failing to take all reasonable evasive action to avoid a collision at issue herein;

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 7 of 16

2019-12253

**I**

Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

h) Failing to stop her vehicle;

i) Exceeding the posted speed limit;

j) Careless operation of a motor vehicle;

k) Operating the vehicle in a reckless and/or negligent manner; and

l) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter.

## VII. FAULT OF WILLIAM DOWIE

23.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Defendant DOWIE is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant KEQI.

## VIII. LIABILITY OF SAFETY INSURANCE COMPANY

24.

SAFETY, at all times relevant herein, had in full force and effect a policy of automobile liability insurance coverage in favor of Defendant DOWIE and Defendant KEQI, as owner and operator, respectively, of the insured vehicle, for their negligence in connection with the May 4, 2019 motor vehicle collision at issue herein.

25.

As a result of the foregoing and as per applicable Louisiana law SAFETY has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability of Defendant DOWIE and Defendant KEQI.

## IX. LIABILITY OF ABC INSURANCE COMPANY

26.

ABC, at all times relevant herein, is believed to have had in full force and effect a policy of automobile liability insurance coverage in favor of Defendant KEQI as operator of the insured vehicle for her negligence in connection with the May 4, 2019 motor vehicle collision at issue herein.

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 8 of 16

2019-12253

I
Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

27.

As a result of the foregoing and as per applicable Louisiana law, ABC has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability of Defendant KEQI.

X. FAULT OF JOSE GUERRERO

28.

The above described May 4, 2019, motor vehicle collision and the resulting injuries to Plaintiff were caused through the negligence of Defendant, JOSE GUERRERO, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Failing to use reasonable vigilance;

b) Disregarding traffic conditions;

c) Gross negligence;

d) Failing to maintain proper control of a vehicle;

e) Failing to maintain a proper lookout and/or being distracted or inattentive;

f) Failing to take all reasonable evasive action to avoid a collision at issue herein;

g) Stopping too closely behind a stopped vehicle;

h) Operating the vehicle in a reckless and/or negligent manner; and

i) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter.

XI. FAULT OF ROADRUNNER CHARTERS, INC.

29.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said ROADRUNNER is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant GUERRERO.

Case 2:20-cv-00160-WBV-MBN Document 1-6 Filed 01/15/20 Page 9 of 16

2019-12253

I
Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

XII. **LIABILITY OF PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY**

30.

PMA, at all times relevant herein, had in full force and effect a policy of automobile liability insurance coverage in favor of ROADRUNNER and Defendant GUERRERO, as owner and operator, respectively, of the insured vehicle, for their negligence in connection with the May 4, 2019 motor vehicle collision at issue herein.

31.

As a result of the foregoing and as per applicable Louisiana law, PMA has been named herein as party-defendant and is answerable and/or responsible for the negligence and/or liability of ROADRUNNER and Defendant GUERRERO.

XIII. **LIABILITY OF INDIAN HARBOR INSURANCE COMPANY**

32.

INDIAN, at all times relevant herein, had in full force and effect a policy of automobile Uninsured/Underinsured Motorist coverage in favor of Mr. Pearl in connection with the May 4, 2019 motor vehicle collision at issue herein.

33.

As a result of the foregoing and as per applicable Louisiana law, INDIAN has been named herein as party-defendant and is answerable and/or responsible for the damages suffered by Mr. Pearl.

XIV. **DAMAGES**

34.

As a result of said May 4, 2019 motor vehicle collision, Mr. Pearl suffered personal and bodily injuries, including but not limited to injury to his neck, back, and right ankle. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

35.

Mr. Pearl's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant KEQI and Defendant GUERRERO, and their failure to operate their vehicles in a proper, prudent, and safe manner.

FILED
2019 NOV 22  P 04:18
CIVIL
DISTRICT COURT

**I**

**Section 14**

36.

As a result of the motor vehicle collision at issue, Mr. Pearl suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost wages;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiff, CAMERON PEARL, prays that Defendants, REN KEQI, WILLIAM DOWIE, SAFETY INSURANCE COMPANY, ABC INSURANCE COMPANY, JOSE GUERRERO, ROADRUNNER CHARTERS, INC., PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, and INDIAN HARBOR INSURANCE COMPANY, be served with a copy of this Petition, and, after being duly cited to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

*SIGNATURE BLOCK ON FOLLOWING PAGE*

2019-12253

Section 14

FILED
2019 NOV 22 P 04:18
CIVIL
DISTRICT COURT

Respectfully Submitted,

BAER LAW, LLC

BY: _____
JASON M. BAER (# 31609)
CASEY C. DEREUS (#37096)
JOSHUA A. STEIN (# 37885)
3000 Kingman Street, Suite 200
Metairie, LA 70006
Telephone: (504) 372-0111
Facsimile: (504) 372-0151
Email: jbaer@baerlawllc.com
Email: cdereus@baerlawllc.com
Email: jstein@baerlawllc.com
*Counsel for Plaintiff*

**PLEASE SERVE:**

**REN KEQI**
*Via Louisiana Long Arm Statute:*
104 Winslow Road
Falmouth, MA 02556

**WILLIAM DOWIE**
*Via Louisiana Long Arm Statute:*
1 liberty Ledge, Unit 2
Sudbury, MA 01776

**SAFETY INSURANCE COMPANY**
*Pursuant to La.R.S. 22:335:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**JOSE GUERRERO**
*Via Louisiana Long Arm Statute:*
3404 Forest Hill Court
Forest Hill, TX 76119

**ROADRUNNER CHARTERS, INC.**
*Through its Registered Agent:*
F.A. Courtney, Jr.
755 Magazine Street
New Orleans, LA 70130

**PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY**
*Through its Registered Agent:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

*SERVICES TO CONTINUE ON FOLLOWING PAGE*

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

Case 2:20-cv-00160-WBV-MBN   Document 1-6   Filed 01/15/20   Page 12 of 16
2019-12253

FILED
2019 NOV 22  P 04:18
CIVIL
DISTRICT COURT

# Section 14

**INDIAN HARBOR INSURANCE COMPANY**
*Through its Registered Agent:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

*PLEASE WITHOLD SERVICE ON ABC INSURANCE COMPANY AT THIS TIME.*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2019-12253                                                           DIVISION "I-14"

CAMERON PEARL

VERSUS

REN KEQI, WILLIAM DOWIE, SAFETY INSURANCE COMPANY, ABC INSURANCE COMPANY, JOSE GUERRERO, ROADRUNNER CHARTERS, INC. PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, AND INDIAN HARBOR INSURANCE COMPANY

FILED: _____   _____
                                                          DEPUTY CLERK

## MOTION FOR EXTENSION OF TIME

**NOW INTO COURT**, through undersigned counsel, comes defendants, Jose Guerrero, Roadrunner Charters, Inc., Pennsylvania Manufacturers' Association Insurance Company, solely for the purpose of seeking an extension of time to respond and without making a general appearance, respectfully suggests to this Honorable Court that mover and its counsel require additional time within which to investigate the claims and allegations made and to prepare and file pleadings in response thereto, and that for this purpose mover desires an extension of time of thirty (30) days from the date of signing of this Order within which to file responsive pleadings in this suit. Mover further avers that no prior request for extension of time has been requested.

**IT IS ORDERED** that defendants, Jose Guerrero, Roadrunner Charters, Inc., Pennsylvania Manufacturers' Association Insurance Company, be hereby granted an extension of time of thirty (30) days from the date of signing of this Order within which to file responsive pleadings in the above-entitled and numbered suit.

New Orleans, Louisiana this _____ day of _____ JAN 09 2020 _____, 2019.

_____
J U D G E
Judge Bernadette G. D'Souza

Respectfully submitted,

_____
CHARLES M. PONDER, III, #2052
PONDER LAW FIRM
935 Gravier Street, Suite 835
New Orleans, Louisiana 70112
Telephone: (504) 528-3066
Facsimile: (504) 528-3077

## CERTIFICATE OF SERVICE

I, Charles M. Ponder, III, do hereby certify that a copy of the foregoing pleading has been served upon all parties through their attorney of record by; ☐ transmitting same via facsimile and/or email, and/or ☒ depositing same in the United States Mail, properly addressed and postage pre-paid this ___ day of **January, 2020**.

_____
CHARLES M. PONDER, III

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2020 JAN -8 PM 3:42

STATE OF LOUISIANA

CIVIL
DISTRICT COU

NO. 2019-12253 DIVISION "I-14"

CAMERON PEARL

VERSUS

REN KEQI, WILLIAM DOWIE, SAFETY INSURANCE COMPANY, ABC INSURANCE COMPANY, JOSE GUERRERO, ROADRUNNER CHARTERS, INC. PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, AND INDIAN HARBOR INSURANCE COMPANY

FILED:_____    _____
                                  DEPUTY CLERK

## REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes defendants, Jose Guerrero, Roadrunner Charters, Inc., Pennsylvania Manufacturers' Association Insurance Company, in accordance with Article 1572 of the Louisiana Code of Civil Procedure and hereby request written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial or hearing upon any motion, exception, rule or other matter, at least ten (10) days before any trial or hearing date.

Defendants, Jose Guerrero, Roadrunner Charters, Inc., Pennsylvania Manufacturers' Association Insurance Company, further requests notice of the signing of any final judgment, the rendition of any interlocutory order or judgment, or of any order of judgment refusing to grant a new trial, in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

[signature]

CHARLES M. PONDER, III, #2052
PONDER LAW FIRM
935 Gravier Street, Suite 835
New Orleans, Louisiana 70112
Telephone: (504) 528-3066
Facsimile: (504) 528-3077

CERTIFICATE OF SERVICE

I, Charles M. Ponder, III, do hereby certify that a copy of the foregoing pleading has been served upon all parties through their attorney of record by: ☐ transmitting same via facsimile and/or email, and/or ☐ depositing same in the United States Mail, properly addressed and postage pre-paid this ___ day of January, 2020.

_____
CHARLES M. PONDER, III