UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAMERON PEARL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-160-WBV-MBN** |
| **INDIAN HARBOR INSURANCE COMPANY, ET AL.** | **SECTION: D (5)** |

## ORDER

On January 15, 2020, defendants, Jose Guerrero, Roadrunner Charters, Inc., and Pennsylvania Manufacturers' Association Insurance Company (collectively, the "Removing Defendants"), filed a Notice of Removal in this Court.[1] In the Notice of Removal, the Removing Defendants assert that this Court has subject matter jurisdiction based upon 28 U.S.C. § 1332, diversity jurisdiction.[2]

The Notice of Removal, however, fails to establish that the amount in controversy is likely to exceed $75,000.00 in this case. Where, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[3] A defendant can satisfy this burden in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000.00; or (2) by setting forth facts in controversy – preferably in the removal

---

[1] R. Doc. 1.
[2] *Id.* at Introductory Paragraph.
[3] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

petition, but sometimes by affidavit – that support a finding of the requisite amount.[4] Here, the Removing Defendants rely upon the injuries alleged in the Petition for Damages, namely Plaintiff's claim that his injuries are "serious in nature" and include, but are not limited to, his neck, back and right ankle.[5] While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to his alleged damages. Thus, it is not apparent from the face of Plaintiff's Petition for Damages[6] or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000.00.

The Court notes that the Removing Defendants also assert that, "Prior to removal of this matter, undersigned counsel communicated with plaintiff [sic] counsel, Joshua A. Stein, who confirmed on Wednesday, January 8, 2020 that Pearl's personal injury claims exceed $75,000.00, exclusive of interest and costs."[7] However, the Fifth Circuit has made clear that, "[A] party may neither consent to nor waive federal subject matter jurisdiction."[8] The Fifth Circuit further held that, "Federal courts may examine the basis of jurisdiction sua sponte, even on appeal."[9]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.

---

[4] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (internal quotation marks omitted).
[5] R. Doc. 1 at ¶ 13 (*citing* R. Doc. 1-1 at ¶ 34).
[6] R. Doc. 1-1.
[7] R. Doc. 1 at ¶ 19.
[8] *Simon*, 193 F.3d at 850.
[9] *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that the removing defendants, Jose Guerrero, Roadrunner Charters, Inc., and Pennsylvania Manufacturers' Association Insurance Company, shall have **ten (10) days** from the date of this Order to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a).  Plaintiff shall then have **ten (10) days** from the filing of the Defendants' memorandum to file a memorandum and supporting evidence regarding subject matter jurisdiction.  The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is satisfied in this case.  Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or take further action if jurisdiction is lacking.

New Orleans Louisiana, January 16, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**