UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMERON PEARL | CIVIL ACTION |
| VERSUS | NUMBER 2:20-CV-00160 |
| REN KEQI, WILLIAM DOWIE, SAFETY INSURANCE COMPANY, ABC INSURANCE COMPANY, JOSE GUERRERO, ROADRUNNER CHARTERS, INC., PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, AND INDIAN HARBOR INSURANCE COMPANY | JUDGE: WBV<br><br>MAGISTRATE: MBN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED: _____     DATE: _____

## ANSWER AND JURY DEMAND

NOW COME Defendants, Ren Keqi, William Dowie, and Safety Insurance Company ("Safety"), through undersigned counsel, who in answer to plaintiff's Petition for Damages deny all and sundry the allegations contained therein, except as may specifically be admitted hereinafter.

AND NOW, further answering plaintiff's Petition, paragraph by paragraph, these defendants herein aver as follows:

1.

Keqi, Dowie, and Safety admit that a motor vehicle accident occurred on or about May 4, 2019 in the Parish of Orleans, State of Louisiana.

2.

The allegations in paragraph 2 of plaintiff's Petition do not require a response from Keqi, Dowie, or Safety. To the extent a response is required, defendants deny the allegations in paragraph 2 for lack of sufficient information to justify a belief as to the truth therein.

3.

Keqi, Dowie, and Safety deny the allegations in paragraph 3 of plaintiff's Petition for lack of sufficient information to justify a belief as to the truth therein, except to admit that they were made defendants in paragraph 3 of plaintiff's Petition, that Keqi is a major and resident of Massachusetts; that Dowie is a major and resident of Massachusetts; that Safety is foreign insurer; and that Safety maintained a policy of liability insurance that insured Dowie and Keqi as of the date of the subject motor vehicle accident. Said policy is the best evidence of its own contents, and these defendants deny any attempt to vary, alter, contradict, amend, restrict, or enlarge the terms, provisions, or limits of liability of said policy, same being at all times herein plead as if the entire policy were copied herein *in extenso*.

4.

Keqi, Dowie, and Safety deny the allegations in Paragraph 4 of plaintiff's Petition and aver that this matter has been removed to the United States District Court for the Eastern District of Louisiana.

5.

The allegations in paragraph 5 of plaintiff's Petition are denied.

6.

The allegations in paragraph 6 of plaintiff's Petition are denied.

7.

The allegations in paragraph 7 of plaintiff's Petition are denied.

8.

The allegations in paragraph 8 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations in paragraph 9 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations in paragraph 10 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations in paragraph 11 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations in paragraph 12 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations in paragraph 13 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations in paragraph 14 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations in paragraph 15 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

16.

The allegations in paragraph 16 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

17.

In response to the allegations in paragraph 17 of plaintiff's Petition, defendants admit that Keqi was the operator of a 2013 Toyota Avalon that was owned by Dowie on the date of the alleged motor vehicle accident at issue herein. All other allegations contained in paragraph 17 of plaintiff's Petition are denied.

18.

The allegations in paragraph 18 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

19.

The allegations in paragraph 19 of plaintiff's Petition are denied.

20.

The allegations in paragraph 20 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

21.

Keqi admits that the investigating officer issue a citation but denies the remaining allegations in paragraph 21 of plaintiff's Petition as worded.

22.

The allegations in paragraph 22 of plaintiff's Petition are denied.

23.

The allegations in paragraph 23 of plaintiff's Petition are denied.

24.

Defendants deny the allegations in paragraph 24 of plaintiff's Petition as worded, except to admit that on the date of the alleged motor vehicle accident, Safety maintained a policy of liability insurance which insured Dowie and Keqi as of the date of the alleged motor vehicle accident. Said policy is the best evidence of its own contents, and these defendants deny any attempt to vary, alter, contradict, amend, restrict, or enlarge the terms, provisions, or limits of liability of said policy, same being at all times herein plead as if the entire policy were copied herein *in extenso*.

25.

The allegations in paragraph 25 of plaintiff's Petition are denied, except to admit that Safety was named as a defendant.

26.

The allegations in paragraph 26 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

27.

The allegations in paragraph 27 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations in paragraph 28 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations in paragraph 29 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations in paragraph 30 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations in paragraph 31 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations in paragraph 32 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations in paragraph 33 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations in paragraph 34 of plaintiff's Petition are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations in paragraph 35 of plaintiff's Petition are denied.

36.

The allegations in paragraph 36 of plaintiff's Petition are denied.

AND NOW, FURTHER ANSWERING plaintiff's Petition, Keqi, Dowie, and Safety herein aver as follows:

37.

Keqi, Dowie, and Safety plead the fault of other persons, entities, parties, or nonparties, with whom these defendants have no legal or actual relationship; therefore, the principles of comparative negligence apply.

38.

Defendants aver that the subject accident was of insufficient magnitude to impart personal injuries to plaintiff.

39.

Any injuries about which the plaintiff complains are due to either preexisting conditions, or subsequent, separate, superseding, or intervening accidents or injuries for which these defendants are not liable.

40.

The plaintiff has failed to mitigate his damages.

41.

Defendants aver entitlement to a $15,000 credit as to plaintiff's bodily injury claims in the event plaintiff did not maintain automobile liability insurance as mandated by La. R.S. 32:866 as of the date of the subject motor vehicle accident.

42.

Defendants aver entitlement to a credit and/or offset for all attorney-negotiated medical expense discounts or write-offs in accordance with *Hoffman v. 21st Century North America Insurance Company,* 2014-2279 (La. 10/2/15), 209 So.3d 702.

43.

Defendants aver entitlement to credit and/or offset for all write-offs made by any private health care insurer or payor, Medicare, or Medicaid.

44.

Defendants aver entitlement to a credit and/or offset as to all medical expenses and/or other sums paid and/or to be paid by Medicare and/or Medicaid and/or any future medical expenses and/or Medicare set aside applicable to plaintiff's future medical expense claims.

45.

Defendants plead sudden emergency.

46.

These defendants further pray for trial by jury.

WHEREFORE, the premises considered, Ren Keqi, William Dowie, and Safety Insurance Company pray that this, their Answer to plaintiff's Petition for Damages be deemed good and sufficient, and after all due proceedings and trial are had, that there be judgment rendered herein, in their favor, dismissing the plaintiff's claims, demands, and lawsuit, with

prejudice, and at plaintiff's cost.

In the alternative, and only in the event any judgment is awarded in favor of plaintiff, Ren Keqi, William Dowie, and Safety Insurance Company pray that said judgment be reduced in accordance with the affirmative defenses asserted herein.

Further pray for trial by jury.

**Attorneys for Ren Keqi, William Dowie, and Safety Insurance Company**

BREAZEALE, SACHSE & WILSON, LLP
300 Washington Street, Suite 210
Monroe, Louisiana 71201
Telephone (318) 398-4330


BY: /s/ Harry M. Moffett, IV
    HARRY M. MOFFETT, IV
    Bar Roll No. 23870
    LAURA S. ACHORD
    Bar Roll No. 29060


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Harry M. Moffett, IV
HARRY M. MOFFETT, IV